UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JOE SIMPSON,
          *Defendant-Appellant.*

No. 99-4584

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

PHILLIP FISHER,
          *Defendant-Appellant.*

No. 00-4207

Appeals from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-98-219-T)

Submitted: June 19, 2002

Decided: July 19, 2002

Before WILKINS, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

John S. Parton, Whittier, North Carolina; David G. Belser, BELSER
& PARKE, P.A., Asheville, North Carolina, for Appellants. Robert J.

Conrad, Jr., United States Attorney, Brian Lee Whisler, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

A jury convicted Joe Simpson and Phillip Fisher of conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C.A. § 846 (West 1999). Simpson was sentenced to a 188-month prison term, and Fisher received a 235-month sentence. Simpson and Fisher appeal their convictions and sentences on the ground that they are invalid in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Simpson also contends that the district court erred in denying his motion for judgment of acquittal under Fed. R. Crim. P. 29. Fisher asserts that the district court erred in admitting evidence of a prior conviction and that the prosecutor engaged in prosecutorial misconduct. Finding no reversible error, we affirm the convictions and sentences.

Simpson and Fisher first assert that, in light of *Apprendi*, their due process rights were violated because drug quantity was neither charged in the indictment nor proved to a jury beyond a reasonable doubt. We find, however, that *Apprendi* is not implicated because Simpson's and Fisher's sentences are below the 240-month statutory maximum sentence set forth in 21 U.S.C.A. § 841(b)(1)(C) (West 1999 & Supp. 2002), for drug offenses involving an unspecified amount of cocaine and crack cocaine. *See United States v. Promise*, 255 F.3d 150, 156-57 (4th Cir. 2001) (en banc), *cert. denied*, ___ U.S. ___, 2002 WL 1050009 (May 28, 2002) (No. 01-6398). Thus, their *Apprendi* claims fail.

Simpson also challenges his conviction on the ground that the district court erred by denying his Rule 29 motion. Our review of the

record leads us to conclude that the evidence was sufficient to establish that Simpson voluntarily joined the single conspiracy charged in the indictment. *United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001) (stating standard of review for Rule 29 motion); *United States v. Burgos*, 94 F.3d 849, 857-58, 862-63 (4th Cir. 1996) (en banc) (providing standard for sufficiency of evidence and elements of offense); *United States v. Kennedy*, 32 F.3d 876, 883 (4th Cir. 1994) (providing standard for evaluating whether material variance existed between indictment and evidence adduced at trial).

Fisher contends that the district court erred in admitting evidence, in violation of Fed. R. Evid. 404(b), that he was convicted during the course of the conspiracy of possession of a Schedule II controlled substance; that the district court's limiting instruction was insufficient; and that the Government violated the discovery order by failing to give pretrial notice of its intention to use Fisher's prior conviction at trial. Assuming, as Fisher suggests, that the district court improperly admitted evidence of his prior conviction, we find that any error was harmless. *See United States v. Ince*, 21 F.3d 576, 583 (4th Cir. 1994) (providing standard).

Finally, Fisher contends that during closing argument, the Government improperly referred to his failure to testify during closing argument. We reject his claim. *See United States v. Golding*, 168 F.3d 700, 702 (4th Cir. 1999) (providing standard). Even assuming that the prosecutor's comment was improper, we find that Fisher's substantial rights were not prejudiced. *See United States v. Adam*, 70 F.3d 776, 780 (4th Cir. 1995) (discussing factors to consider in determining prejudice).

Accordingly, we affirm Fisher's and Simpson's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*